### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**BARRY LOVE,**                                                            **PETITIONER**

**v.**                                      **CIVIL ACTION NO.:  4:13cv134-MPM-SAA**

**STATE OF MISSISSIPPI, et al.,**                                          **RESPONDENTS**


### MEMORANDUM OPINION AND ORDER

Petitioner Barry Love, Mississippi prisoner no. 162946, has filed a pro se federal habeas

petition pursuant to 28 U.S.C. § 2254 challenging his State court convictions and sentences for

capital murder, two counts of aggravated assault, and conspiracy to commit armed robbery.

Having considered the submissions of the parties, the State court record, and the law applicable

to Love's claims, the Court finds that the petition should be denied, for the reasons that follow.

### Background Facts and Procedural History

Jessie Hill was murdered on November 14, 2008, during the course of a robbery.  Barry

Love, one of the four men charged in connection with the armed robbery, testified that he

participated in the crime only because he feared that the other three men would have killed him if

he had attempted to back out of the robbery.  On November 10, 2010, a jury sitting in the Circuit

Court of Grenada County, Mississippi, convicted Barry Love of capital murder (Count One), two

counts of aggravated assault (Counts Two and Three), and conspiracy to commit armed robbery

(Count Four).  He was sentenced to serve consecutive sentences of life without eligibility for

parole for capital murder, twenty years for each count of aggravated assault, and five years for

conspiracy.  (SCR vol. 1, 150; SCR vol. 2, 151).

Love appealed his convictions and sentences to the Mississippi Supreme Court, which

assigned the case to the Mississippi Court of Appeals. Through counsel, Love raised the

following grounds for relief:

> I. Whether Love received a fair trial when the jury was not
> properly instructed on Love's theory of defense because Love's
> trial counsel fail [sic] to submit the necessary jury instruction of
> duress.
>
> I. There was sufficient evidence that Love was under duress when he participated
> in the attempted armed robbery, the underlying offense to the capital murder. The
> jury, however, was never properly instructed to consider this defense.
>
> II. Defense counsel's failure to submit the duress jury instruction, which was
> essential to Love's theory of defense, amounted to ineffective assistance of
> counsel. The attorney's ineffectiveness deprived Love of his constitutional right
> to a fair trial.

The Mississippi Court of Appeals affirmed Love's convictions and sentences. *See Love v. State*,

85 So. 3d 940 (Miss. Ct. App. 2012); (*see also* Resp'ts Answer, Ex. A). Love failed to seek

rehearing or certiorari review in State court.

Love filed an application in the Mississippi Supreme Court seeking permission to proceed

with a motion for post-conviction collateral relief, alleging that trial counsel was ineffective for

failing to request a duress instruction. The court dismissed Love's application, noting that the

issue of whether Love was entitled to a duress instruction was "barred by the doctrine of res

judicata and will not be considered again under the guise of ineffective assistance of counsel."

(Respt's Answer, Ex. B).

On or about July 26, 2013, Love filed a federal habeas petition pursuant to 28 U.S.C. §

2254 and a brief in support of his petition. (*See* ECF nos. 1 and 3).

**Legal Standard**

The Court's review of Love's claims is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), because his federal habeas petition was filed after the statute's effective date. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA prevents the grant of federal habeas relief on any claim adjudicated on the merits in state court unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the presented evidence. *See* 28 U.S.C. § 2254(d)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

A state court's decision is "contrary to" Supreme Court law if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." *Williams v. Taylor*, 529 U.S. 362, 405, 406 (2000). The "unreasonable application" clause is reserved for decisions that either fail to identify the correct governing law, or identify the correct governing law but misapply it to the case. *Id*. at 407. Under this standard, a state court's decision will not warrant federal habeas relief unless its application of federal law is both incorrect *and* unreasonable. *Garcia v. Dretke*, 388 F.3d 496, 500 (5th Cir. 2004) (emphasis in original) (citation omitted). A reviewing court considers only the state court's conclusion when determining whether there has been an unreasonable application of federal law, and not the court's reasoning in reaching the decision. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002).

**Discussion**

In the brief filed in support of his federal habeas petition, Love maintains that his trial

attorney performed ineffectively by failing to present the trial court with a duress instruction on

Love's behalf, and he also argues that the instructions given to the jury were inadequate to

instruct the jury on his defense of duress.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant

the right to the effective assistance of counsel. *See, e.g.,Yarborough v. Gentry*, 540 U.S. 1, 5

(2003). A federal habeas petitioner's claim that he was denied the effective assistance of counsel

at trial is generally measured by the two-pronged test set forth in *Strickland v. Washington*, 466

U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, Love must establish

that (1) his trial counsel's performance was so deficient that it cannot be said that he was

functioning as "counsel" within the meaning of the Sixth Amendment, **and** (2) the deficient

performance prejudiced his defense. *See id.* at 687 (emphasis added). In a case where the state

court has rejected the merits of a petitioner's ineffectiveness claim, such as here, the "pivotal

question" in a federal habeas proceeding "is whether the state court's application of the

*Strickland* standard was unreasonable." *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770

(2011) (citations omitted).

A state court's jury instructions form the basis for federal habeas relief only where the

erroneous instruction - or the failure to provide an instruction - "so infect[s] the entire trial that

the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973);

*Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002). The Supreme Court has held that "[a]n

omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the

law." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977).

On direct appeal, Love argued that he was entitled to a jury instruction on duress and that

he received ineffective assistance of counsel. The Mississippi Court of Appeals stated that

4

"Love's testimony alone was sufficient to support his theory of the case; therefore, he was entitled to a jury instruction on duress." *Love*, 85 So. 3d at 942. However, the court found that the jury instructions offered were sufficient to instruct on the defense of duress. *Id.* Specifically, it noted that the "circuit court granted an instruction stating that Love had to 'deliberately associate himself . . . with the crime' and that he had to 'voluntarily participate in [the crime's] commission.'" *Id*. As a result, the court found that Love's allegation of ineffective assistance of counsel was found without merit. *Id*. On post-conviction review, the Mississippi Supreme Court deferred to the ruling of the Mississippi Court of Appeals, applying the doctrine of res judicata to Love's allegation. (*See* Resp'ts Answer, Ex. B).

Love gave law enforcement officials a statement in which he did not indicate that he had been under duress during the armed robbery attempt. (*See* SCR vol. 4, 242-48). Love agreed to testify against two of his accomplices in exchange for the State's agreement not to seek the death penalty, and his proposed testimony did not suggest that he was under duress at the time of the crime. (SCR vol. 3, 68-69; 70-81). When he testified at trial, however, Love claimed that he was unaware that there was a plan to rob anyone or that guns were to be involved. (SCR vol. 5, 278). Love testified that he thought they were only going to intimidate someone into repaying a debt and that, when he realized what was planned, he only participated out of fear. (*Id.* at 278-29, 289).

> At Love's trial, the jury was instructed, in part, as follows:
>
> Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.
>
> Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and

abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

(SCR vol. 2; 164; SCR vol. 5, 329-330).

Defense counsel proposed Instruction DG-8, which would have instructed the jury as follows:

The Court instructs the Jury that it is not sufficient in order to find Barry Love guilty that he was merely present at the time and place of the commission of a crime. His mere presence, standing alone, is not sufficient for him to be found to have committed any criminal act. Accordingly, it is your sworn duty to find the Defendant not guilty, unless you find from the evidence beyond a reasonable doubt that the Defendant, Barry Love, actively, knowingly and willingly participated in the crime with which he is charged.

(SCR vol. 2, 176). The trial court refused the proposed instruction because the information in the instruction had been adequately covered by another instruction. (SCR vol. 5, 313). Inasmuch as the jury was instructed that it could not find Love guilty unless it determined him to have been a voluntary participant in the commission of the crime "with the intent to violate the law," Love cannot demonstrate prejudice by any alleged failure of counsel or by any alleged error in the court's instructions. (SCR vol. 5, 330). Love has failed to demonstrate that the decision rejecting his claim is contrary to, or that it involves an unreasonable application of, clearly established federal law. He has also failed to demonstrate that the decision was based on an unreasonable determination of facts in light of the evidence presented. Habeas relief is not warranted.

**Certificate of Appealability**

Love must obtain a certificate of appealability ("COA") before appealing this Court's

decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless

Love makes "a substantial showing of the denial of a constitutional right" of any claim rejected

on its merits, which he may do by demonstrating that "reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2);

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected

on procedural grounds, Love must demonstrate "that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be

denied in this case.

**Conclusion**

It is hereby ordered that Love's petition for a writ of habeas corpus is **DENIED** and

**DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. All pending

motions are dismissed as moot. A judgment in accordance with this opinion and order will issue

this day.

**SO ORDERED, THIS** the 4th day of December, 2013.

> **/s/ Michael P. Mills**
> **CHIEF JUDGE**
> **UNITED STATES DISTRICT COURT**
> **NORTHERN DISTRICT OF MISSISSIPPI**